UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NATIONAL DAIRY ASSOCIATION and )
DARIGOLD, INC., )
 )   Case No. C17-0214RSL
                    Plaintiffs, )
       v. )
 )   ORDER OF DISMISSAL
WESTERN CONFERENCE OF )
TEAMSTERS PENSION TRUST FUND, )
 )
                    Defendant. )
_____)

This matter comes before the Court on "Plaintiffs' Dispositive Motion in Support of Complaint to Vacate or Modify Arbitration Award" (Dkt. # 17) and defendant's "Cross Motion for Dispositive Relief" (Dkt. # 19). Darigold, Inc., is an employer who participated in defendant's multiemployer benefits plan under the Employee Retirement Income Security Act ("ERISA"). In 1980, Congress amended ERISA to guard against the risk that an employer's withdrawal from a multiemployer benefit plan would leave the plan underfunded. The Multiemployer Pension Plan Amendments Act ("MPPAA") allows plans, such as defendant, to impose withdrawal liability on employers who pull out of multiemployer plans in an amount equal to a proportionate share of the employer's unfunded vested benefits. Central States, Se. and Sw. Areas Pension Fund v. Schilli Corp., 420 F.3d 663, 667 (7th Cir. 2005). Defendant Trust Fund sent notice and a demand for withdrawal liability payments to Darigold in 2014. When Darigold disputed its liability, the dispute was submitted to arbitration pursuant to the

ORDER OF DISMISSAL

MPPAA. The arbitrator determined that plaintiffs had incurred withdrawal liability under the MPPAA when they closed a dairy in Salt Lake City in 2012. Plaintiffs seek to vacate that determination.

Defendant Trust Fund argues that the Court does not have jurisdiction over this appeal because the arbitrator's award is not final. The parties disagree regarding the correct legal framework under which to analyze the Court's authorization, citing to cases discussing the MPPAA, ERISA, the Federal Arbitration Act ("FAA"), and § 301 of the Labor Management Relations Act. The MPPAA has its own dispute resolution provision which serves as the starting point for the analysis. As recognized by the parties in both the plan documents and in practice, the statute requires that disagreements regarding the imposition of withdrawal liability be resolved through arbitration. 29 U.S.C. § 1401(a)(1). "Upon completion of the arbitration proceedings," either party may bring an action in the United States District Court to enforce, vacate, or modify the arbitrator's award. 29 U.S.C. § 1401(b)(2). To the extent consistent with the MPPAA, judicial review and enforcement of an arbitration award is to be conducted pursuant to the FAA. 29 U.S.C. § 1401(b)(3). Thus, to correctly analyze the Trust Fund's jurisdictional challenge, the Court must determine whether the arbitration proceeding has been "completed" for purposes of the MPPAA and/or whether the award is final and reviewable for purposes of the FAA.

The decision that Darigold would like to have reviewed is entitled an "Interim Award & Opinion." Dkt. # 18 at 32. While it is undoubtedly true that the finality of an arbitrator's award turns on the content of the decision rather than the nomenclature used in the title (Publicis Commc'n v. True N. Commc'ns, Inc., 206 F.3d 725, 728-29 (7th Cir. 2000)), in this case the arbitrator's choice of words accurately describes the content and context of his decision. At the beginning of the opinion, the arbitrator acknowledges that Darigold's challenge to the imposition of partial withdrawal liability was threefold. Darigold argued that (1) the Trust Fund incorrectly determined that there had been a partial withdrawal when Darigold still had an obligation to

ORDER OF DISMISSAL -2-

contribute to the fund, (2) imposition of partial withdrawal liability was improper when only 30% of the Salt Lake City work had been transferred to a non-union plant, and (3) the Trust Fund's liability calculations were incorrect. Dkt. # 18 at 33. The parties agreed to bifurcate the issues, and the arbitrator decided only the "obligation to contribute" challenge. The arbitrator clearly indicated in the title that he understood the decision was not final. Nor is there any reason to believe that the parties or the arbitrator thought that the agreement to bifurcate the issues would result in three final orders that could be sequentially reviewed. Darigold argues that "the amount of withdrawal liability can be resolved with mathematical calculations" (Dkt. # 21 at 9), suggesting that any remaining issues before the arbitrator are ministerial. Darigold has not, however, withdrawn its two remaining objections to the Trust Fund's demand for payment, and there is no indication that the parties have agreed to resolve those issues outside of arbitration. Because this matter will again appear before the arbitrator for a substantive determination regarding Darigold's liability when only 30% of the work was transferred and a calculation of the partial withdrawal liability, the Court finds that the arbitration proceedings are not "complete" for purposes of 29 U.S.C. § 1401(b)(2).[1]

If the Court were to ignore the standard for judicial review set forth in the MPPAA and

---

[1] The Court acknowledges that there is language in a 1985 Ninth Circuit decision that could support the conclusion that an agreement to bifurcate makes each issue separately reviewable. In Constr. Laborers Pension Trust v. Cen-Vi-Ro Concrete Pipe & Prod. Co., Inc., 776 F.2d 1416, 1423 (9th Cir. 1985), the Ninth Circuit found that it lacked jurisdiction to hear a challenge to the district court's order compelling arbitration. In attempting to persuade the court of appeals to hear the case, the employer argued that the interlocutory order in favor of arbitration would have serious, perhaps irreparable, consequences in the form of delay that could be effectually challenged only by way of immediate appeal. In the course of comparing the expense and delay inherent in various procedural pathways, the Ninth Circuit noted that if the parties were to agree to bifurcate the arbitration proceedings (as the employer requested), the delay would be longer because the employer could seek judicial review of an adverse withdrawal liability finding, which would be followed by further arbitration to obtain a remedy and another round of appeals. No statutory or case citation is provided for this potential outcome, it was not based on the facts presented in the case, and the Ninth Circuit's decision did not rely on this hypothetical. Given the MPPAA's authorization for judicial review "[u]pon completion of the arbitration proceedings" and the specific facts of this case, the Court finds that review of the interim order is not available despite the dicta in Cen-Vi-Ro.

ORDER OF DISMISSAL                -3-

instead look to the case law interpreting the FAA, the result is the same. One of the purposes of the FAA is to "protect arbitration awards from hostile and meddlesome courts." Hall St. Assoc., LLC v. Mattel, Inc., 552 U.S. 576, 595 n.3 (2008). When asked to determine whether judicial scrutiny of an arbitration proceeding prior to the issuance of a final award were appropriate, the Ninth Circuit summarized prior case law as follows:

> [J]udicial review prior to the rendition of a final arbitration award should be indulged, if at all, only in the most extreme cases. We noted the consideration that weighed heavily against mid-arbitration intervention, explaining that the basic purpose of arbitration is the speedy disposition of disputes without the expense and delay of extended court proceedings, and that to permit what is in effect an appeal of an interlocutory ruling of the arbitrator would frustrate this purpose.

In re Sussex, 781 F.3d 1065, 1072 (9th Cir. 2015) (discussing Aerojet-Gen. Corp. v. Am. Arbitration Ass'n, 478 F.2d 248 (9th Cir. 1973)) (internal citations, quotation marks, and emphasis omitted). The Ninth Circuit noted that, although it had not issued a blanket rule precluding mid-arbitration intervention, the majority of its sister circuits had and, since 1973, it has never been presented with the type of "extreme case" that could justify such interference. In re Sussex, 781 F.3d at 1073. As the Seventh Circuit has held, review of an arbitration proceeding "comes at the beginning or the end, but not in the middle." Blue Cross Blue Shield of Mass., Inc. v. BCS Ins. Co., 671 F.3d 635, 638 (7th Cir. 2011).[2] The arbitrator's work in this case is not done: there are still issues related to both liability and remedy to be decided. Darigold has filed the equivalent of an interlocutory appeal. Absent some showing that this is an "extreme case" wherein Darigold will suffer "severe irreparable injury" from an error that "cannot be effectively remedied on appeal from the final judgment" resulting in "manifest injustice," judicial review is premature. Aerojet-Gen., 478 F.2d at 251.

---

[2] In light of the clear Ninth Circuit precedent on this matter, the Court declines to follow the case law from the First and Second Circuits on which Darigold relies.

ORDER OF DISMISSAL                -4-

For all of the foregoing reasons, plaintiffs' motion to vacate or modify the arbitration award (Dkt. # 17) is DENIED and defendant's motion for dispositive relief on jurisdictional grounds (Dkt. # 19) is GRANTED. This case is hereby DISMISSED for lack of authority to intervene in an arbitration proceeding that is not complete under the MPPAA and/or final under the FAA.

Dated this 11th day of December, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge